UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

JESUS GONZALEZ

      Plaintiff,

v.

THE Q.V.H. CORPORATION.

      Defendant.

_____/

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff, Jesus Gonzalez, by and through the undersigned counsel, hereby sues Defendant, The Q.V.H. Corporation, for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

## JURISDICTION

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2. Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

3. Defendant, The Q.V.H. Corporation, is authorized to conduct, and conduct business within the State of Florida and within the jurisdiction of this court.

Gonzalez v. The Q.V.H. Corporation
Complaint for Injunctive Relive

## PARTIES

4. Plaintiff, Jesus Gonzalez is a resident of the state of Florida. Plaintiff has a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 US Code §12102(1)(A), (2) and in 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D).

5. Plaintiff is also an advocate of the rights of similarly situated disabled persons, and a "tester" for the purpose of asserting his civil right, and to determine whether public accommodations are in compliance with the ADA/ADAAG.

6. Defendant, The Q.V.H. Corporation, is a Florida for profit Corporation, which upon information and belief owns and/or operates a commercial real property identified as Folio: 30-4003-006-0010, with post address of 8200 W. Flagler Street, Miami, FL 33144, and the subject of this action. Defendant's real property is built as a shopping center and referenced throughout as "Commercial Property".

7. Defendant's commercial property is built as a shopping center housing a myriad of different businesses including retail, dining options, and related establishments, that provides goods/services to the general public. As such, a "Public Accommodation" within meaning of Title III; 42 U.S.C. §12182, §12181(7)(E) and 28 C.F.R. §36.104.

8. As the owner of the subject commercial property, Defendant, "The Q.V.H. Corporation", and the businesses therein are open to the public, are also defined as a "Public Accommodation" within meaning of Title III 42 U.S.C. §12182, §12181(7) and 28 C.F.R. §36.104. Defendant collectively is also referred hereto as "Owner".

9. On or about May 23, 2024, Plaintiff personally visited the Commercial Property to test for compliance with the ADA/ADAAG, but because he perambulates with the assistance of a wheelchair, Plaintiff was denied full and equal access, and enjoyment of the facilities, services, goods, and amenities, because of the architectural barriers met at the Commercial Property and businesses therein, (including the related parking lots and common areas), and has definite plans to return to the Commercial Property within one (1) month of the filing of this Complaint in order to avail himself of the services offered to the public at the Commercial Property, if it becomes accessible.

10. Due to the fact that he perambulates with the assistance of a wheelchair, Plaintiff encountered architectural barriers to access while patronizing Defendant's Commercial Property. Based on the access impediments, Plaintiff has been denied full and equal access by Defendant "The Q.V.H. Corporation"

11. Plaintiff has encountered architectural barriers that are in violation of the ADA, at the Commercial Property. The barriers to access at Defendant's Commercial Property have each denied or diminished Plaintiff's ability to visit the Commercial Property and businesses therein and likewise endangered his safety. The barriers to access, which are set forth below, have accordingly posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, and others similarly situated.

12. Defendant owns and/or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation (the shopping center that is the subject of this Action for their violations of the ADA) that Defendant owns, and/or operates, the Commercial Property referenced above.

13. Plaintiff, has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to the described Commercial Property, including, but not necessarily limited to the allegations in this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the Commercial Property and businesses therein which are open to the public and in violation of the ADA. Plaintiff desires to visit the Commercial Property not only to avail himself of the goods and services available at the Commercial Property, but to also assure himself that this Commercial Property is in compliance with the ADA, so that he and others similarly situated will have full and equal enjoyment of the Commercial Property without fear of discrimination.

14. Based on the access impediments Plaintiff encountered, Plaintiff has been denied full and equal access by Defendant, "The Q.V.H. Corporation", owner of the commercial property.

15. As an investor in commercial property, Defendant, "The Q.V.H. Corporation", is aware of the ADA and the need to provide for equal access within the commercial property as related to its multiple public accommodation tenants. Therefore, Defendant's failure to reasonably accommodate individuals with disabilities is/was willful, malicious, and oppressive and in compete disregard for the civil rights of Plaintiff and in violation of 28 C.F.R. §36.302.

16. Plaintiff continues to desire to patronize and/or test the commercial property, but Plaintiff continues to be injured in that he is concerned that he will again be humiliated, segregated, and discriminated against due to the architectural barriers and other barriers to access, all which are in violation of the ADA.

17. Any and all requisite notice has been provided.

18. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendant pursuant to 42 U.S.C. §12205.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

19. The ADA was enacted and effective as of July 26, 1990, and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Over 30 years have passed since enactment of the ADA, public accommodations and places of public accommodation have had adequate time for compliance.

20. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily basis by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

21. Prior to the filing of this lawsuit, Plaintiff personally visited the commercial property with the intention of patronizing and/or test the public accommodation for compliance with the ADA/ADAAG; however, Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a wheelchair for mobility, Plaintiff met barriers

to access the goods and services offered at Defendant's commercial property. Therefore, Plaintiff has suffered an injury in fact.

22. Defendant, has discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the properties the businesses thereon, in derogation of 42 U.S.C. §12101 *et seq.,* and as prohibited by 42 U.S.C. §12182 *et seq.,* by failing to remove barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

23. Defendant, "The Q.V.H. Corporation" is governed by the ADA and must comply therewith. However, Defendant has discriminated against disabled patrons in derogation of 28 C.F.R. Part 36.

24. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

25. The commercial space which is owned/controlled by Defendant, "The Q.V.H. Corporation", is in violation of 42 U.S.C. §12181 *et seq.,* the ADA and 28 C.F.R. §36.302 *et seq.,* A list of the violations that Plaintiff encountered during his visit to the Defendant's Commercial Property and businesses therein, include, but are not limited to the following:

**Accessible Parking Space in front Suite 8238**

i. The plaintiff had difficulty exiting the vehicle, as designated accessible parking spaces are located on an excessive slope. Violation: Some of the accessible parking spaces are located on a non-compliant slope in violation of Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

ii. The plaintiff had difficulty exiting the vehicle, as the designated accessible parking space does not have an access aisle. Violation: Accessible parking space does not provide the required access aisle Section 4.6.3 of the ADAAG and Section 502.3 of the 2010 ADA Standards, whose resolution is readily achievable.

iii. The plaintiff had difficulty travel to the building from parking lot. Violation: There is currently no existing accessible route to help persons with disabilities safely maneuver through the parking facility violating Section 4.3.7, 4.7.2 of the ADAAG and Section 206.2, 403.3, 406 of the 2010 ADA Standards, whose resolution is readily achievable.

iv. The plaintiff had difficulty traversing the path of travel, as it was not continuous and accessible. Violation: There are inaccessible routes between sections of the facility. These are violations of the requirements in Sections 4.3.2(2), 4.3, and 4.5 of the ADAAG and Sections 206.2.2, 303, 402 and 403, whose resolution is readily achievable.

v. Accessible parking spaces are in a location where users are compelled to walk or wheel behind parked vehicles and spaces. These are violations of the requirements in Sections FBC§11-4.6.2(1) and Florida Code§502.3, whose resolution is readily achievable.

**Accessible Parking Space in front Suite 8220**

vi. The plaintiff had difficulty exiting the vehicle, as designated accessible parking space access aisles are located on an excessive slope. Violation: Some of the accessible parking space access aisles are located on a non-compliant slope violating Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

vii. The plaintiff had difficulty exiting the vehicle, as the designated accessible parking space does not have an access aisle. Violation: Accessible parking space does not provide the required access aisle Section 4.6.3 of the ADAAG and Section 502.3 of the 2010 ADA Standards, whose resolution is readily achievable.

viii. The plaintiff had difficulty travelling to the building from parking lot. Violation: There is currently no existing accessible route to help persons with disabilities safely

      maneuver through the parking facility violating Section 4.3.7, 4.7.2 of the ADAAG and Section 206.2, 403.3, 406 of the 2010 ADA Standards, whose resolution is readily achievable.

ix. The plaintiff had difficulty traversing the path of travel, as it was not continuous and accessible. Violation: There are inaccessible routes between sections of the facility. These are violations of the requirements in Sections 4.3.2(2), 4.3, and 4.5 of the ADAAG and Sections 206.2.2, 303, 402 and 403, whose resolution is readily achievable.

x. Accessible parking spaces are in a location where users are compelled to walk or wheel behind parked vehicles and spaces. These are violations of the requirements in Sections FBC§11-4.6.2(1) and Florida Code§502.3, whose resolution is readily achievable.

**Accessible Route in front Suite 8226 & 8230**

xi. The plaintiff had difficulty using the ramp, as ramp does not provide handrails Violation: Ramp is missing the handrails on one side of the ramp, violating Section 4.8.5 of the ADAAG and Section 405.8 of the 2010 ADA Standards, whose resolution is readily achievable.

xii. The plaintiff had difficulty using the ramp, as the ramp bottom landing has an excessive slope. Violation: Ramp bottom landing has a non-compliant sloped surface, violating Section 4.8.4 of the ADAAG and Section 405.7 of the 2010 ADA Standards, whose resolution is readily achievable.

xiii. The plaintiff had difficulty using the ramp towards Office Depot, as the handrails are not compliant. Violation: The ramp extensions are mounted over a sloped surface not a level landing violating Section 4.8.5 of the ADAAG and Section 505.10.1 the 2010 ADA Standards, whose resolution is readily achievable.

xiv. The plaintiff had difficulty using the ramp, as ramp handrails do not have the required extensions. Violation: Ramp is missing extension violating Section 4.8.5 of the ADAAG and Section 505.10.1 of the 2010 ADA Standards, whose resolution is readily achievable.

xv. The plaintiff had difficulty using the ramp, as the ramp is located on an excessive. Violation: Ramp does not provide the required slope as per Section 4.8.2 of the ADAAG and Section 405.2 of the 2010 ADA Standards, whose resolution is readily achievable.

Gonzalez v. The Q.V.H. Corporation<br>Complaint for Injunctive Relive

### Main Entrance to First Floor Suites

xvi. The plaintiff had difficulty using the main door without assistance, as the main door has a change in level. Violation: Doorway has a vertical change of level at door threshold, violating Sections 4.13.8 of the ADAAG and Sections 404.2.4.4 of the 2010 ADA Standards, whose resolution is readily achievable.

### Accessible Route to Mattress Kings

xvii. The plaintiff had difficulty using the ramp, as ramp does not provide handrails Violation: Ramp is missing the handrails on both side of the ramp, violating Section 4.8.5 of the ADAAG and Section 405.8 of the 2010 ADA Standards, whose resolution is readily achievable.

xviii. The plaintiff had difficulty traversing the path of travel, as it was not continuous and accessible. Violation: There are inaccessible routes between sections of the facility. These are violations of the requirements in Sections 4.3.2(2), 4.3, and 4.5 of the ADAAG and Sections 206.2.2, 303, 402 and 403, whose resolution is readily achievable.

### Accessible Parking

xix. The parking facility does not have the minimum number of compliant accessible parking spaces required Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

26. Pursuant to the ADA, 42 U.S.C. §12101 *et seq*, and 28 C.F.R. §36.304, Defendant has been required to make its Commercial Property and office building accessible to persons with disabilities since January 28, 1992, and Defendant has failed to comply with this mandate.

27. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff's injunctive relief; including an order for Defendant to alter its Commercial Property as such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

**WHEREFORE,** Plaintiff, Jesus Gonzalez hereby demands judgment against Defendant, The Q.V.H. Corporation, and requests the following injunctive and declaratory relief:

a) The Court declare that Defendants have violated the ADA;

b) The Court enter an Order directing Defendant to evaluate and neutralize their policies, practices and procedures toward persons with disabilities,

c) The Court enter an Order requiring Defendant to alter the commercial property and located therein such that it becomes accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

d) The Court award reasonable costs and attorneys fees; and

e) The Court awards any and all other relief that may be necessary and appropriate.

Respectfully submitted on July 1, 2024.

By: */s/ Juan Courtney Cunningham*
Juan Courtney Cunningham, Esq.
FBN: 628166
J. COURTNEY CUNNINGHAM, PLLC
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone: 305-351-2014
cc@cunninghampllc.com
legal@cunninghampllc.com

*Counsel for Plaintiff*